**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MINDY SOLEIMANI,

        Plaintiff,

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

Case No. 8:23-cv-917-JRK

## **OPINION AND ORDER**[2]

### **I.  Status**

Mindy Soleimani ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of musculoskeletal issues and injuries, high blood pressure, severe headaches, achy hips, and depression with

---

[1]  Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed June 22, 2023; Referral Order (Doc. No. 17), entered June 22, 2023.

suicidal ideation. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed June 22, 2023, at 124, 134, 146, 153, 443.[3]

Plaintiff protectively filed the applications on December 28, 2020, alleging a disability onset date of January 30, 2020. Tr. at 400-03 (DIB), 404-10 (SSI).[4] The applications were denied initially, Tr. at 124-33, 144, 215-18 (DIB), 134-43, 145, 220-23 (SSI), and upon reconsideration, Tr. at 146-52, 160, 228-31 (DIB), 153-59, 161, 233-34 (SSI).

On March 1, 2022, an Administrative Law Judge ("ALJ") held a hearing,[5] during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 81-123. The ALJ issued a decision on March 25, 2022 finding Plaintiff not disabled through the date of the decision. Tr. at 165-80. Plaintiff sought review of the decision by the Appeals Council. Tr. at 334-36. On July 11, 2022, the Appeals Council entered an Order granting the request for review, vacating the ALJ's decision, and remanding the matter with instructions to enter certain evidence into the record, address it, and take any further action needed to issue a new decision. Tr. at 188-89.

---

[3] Some of the cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The applications were actually filed on January 5, 2021. Tr. at 400 (DIB), 404 (SSI). The administrative transcript contains protective filing date of December 28, 2020 for both applications. Tr. at 124, 146 (DIB), 134, 153 (SSI).

[5] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the COVID-19 pandemic. Tr. at 83, 252-53, 307.

On November 15, 2022, the ALJ held another hearing, during which he heard from Plaintiff, who remained represented by counsel, and a VE.[6] Tr. at 43-80. On November 28, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 17-34. Plaintiff requested review of the decision by the Appeals Council. Tr. at 4-5 (exhibit list and order), 397-99 (request for review). On February 23, 2023, the Appeals Council denied review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On April 26, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "erred by failing to comply with SSR 00-4P," which addresses a situation in which a VE's testimony conflicts with the Dictionary of Occupational Titles ("DOT"). Memorandum in Opposition to the Commissioner's Decision (Doc. No. 27; "Pl.'s Mem.") filed October 17, 2023, at 3, 3-7 (emphasis and some capitalization omitted). On November 30, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 30; "Def.'s Mem."), responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective

---

[6] This hearing was also held via telephone with Plaintiff's consent. Tr. at 45, 344-45.

arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 20-34. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since January 30, 2020, the alleged onset date." Tr. at 20

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: migraines; anemia; arthropathies; osteoarthritis; degenerative disc disease; degenerative joint disease; complex regional pain syndrome; hypertension; seizures; bipolar disorder; depression; attention deficit hyperactivity disorder (ADHD); and post-traumatic stress disorder (PTSD)." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except: [Plaintiff] can lift 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours per day; sit 6 hours per day; never climb ladder/rope/scaffold; occasionally climb ramp/stairs, balance, stoop, crouch; never kneel or crawl; frequently reach, handle, finger, and feel; must avoid loud noise, vibration, hazardous machinery and heights; can understand, remember, and carry out routine and repetitive instructions and tasks; cannot perform work requiring a specific production rate or pace, such as assembly lines; and can maintain attention and concentration for 2 hours at a time, but does require the standard morning, lunch, and afternoon breaks.

Tr. at 22 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Registered Nurse." Tr. at 32 (some emphasis and citation

omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("40 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 32-33 (some emphasis omitted), such as "Parking Lot Cashier," "Merchandise Marker," and "Laundry Sorter," Tr. at 33. The ALJ concluded Plaintiff "has not been under a disability . . . from January 30, 2020, through the date of th[e D]ecision." Tr. at 34 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v.

Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff contends the ALJ erred by failing to comply with SSR 00-4P, that applies when a VE's testimony conflicts with the DOT. Pl.'s Mem. at 3-7. According to Plaintiff, the VE's testimony that Plaintiff can perform the job of "parking lot cashier," with a DOT assignment of a reasoning level 3, conflicts with the ALJ's limiting Plaintiff to "carry[ing] out routine and repetitive instructions and tasks." Id. at 5; Tr. at 22. With respect to the job of "merchandise maker," Plaintiff contends that the "temperament requirements" of the job are inconsistent with the ALJ's limitation to "not perform[ing] work requiring a specific production rate or pace, such as assembly lines." Pl.'s Mem. at 5; Tr. at 22. Defendant concedes there is an unresolved conflict between the DOT and the VE's testimony with respect to the parking lot cashier job findings,

but argues any error is harmless. Def.'s Mem. at 9-14. With respect to the merchandise maker job, Defendant argues there is no conflict. Id. at 6-9.

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." Phillips, 357 F.3d at 1239. To make this determination, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229). If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018); see also SSR 00-4P, 2000 WL 1898704, at *2. The ALJ is required to "articulate specific jobs" that exist in the national economy "that the claimant can perform, and this finding must be supported by

substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

Here, the ALJ asked the VE about the jobs that can be performed by an individual with Plaintiff's age, education, and ultimate RFC. See Tr. at 77. The VE testified that Plaintiff can perform the jobs of "parking lot cashier," with "approximately 26,000 of those jobs nationally"; "merchandise marker," with "approximately 125,000 of those jobs nationally"; and "laundry sorter," with "approximately 20,000 of those jobs nationally." Tr. at 77. In the written Decision, the ALJ adopted the ALJ's testimony, finding that Plaintiff can perform the representative occupations of "Parking Lot Cashier," "Merchandise Maker," and "Laundry Sorter." Tr. at 33. The ALJ articulated the specific number of jobs available for each position as testified to by the VE, and, importantly, found that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy when the jobs are considered both singly and in combination." Tr. at 33-34.

Defendant is right to concede an unresolved conflict with the parking lot cashier job, and the undersigned so finds. See Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1282 (11th Cir. 2020); Viverette v. Comm'r of Soc. Sec., 13 F.4th 1309, 1318 (11th Cir. 2021). As for the merchandise marker job, its temperament requirement does not appear to be inconsistent with the ALJ's restriction to no production pace work. See, e.g., 1991 WL 671802 (DOT

description of merchandise marker); Horton v. Kijakazi, No. 8:21-cv-435-WFJ-CPT, 2022 WL 4229338, at *11 (M.D. Fla. Aug. 5, 2022) (report and recommendation), adopted, 2022 WL 3593917 (M.D. Fla. Aug. 23, 2022). Whether it ultimately conflicts or not, though, Plaintiff mounts no challenge to the remaining job: laundry sorter.

In Viverette, when an ALJ "apparently treated . . . cumulatively" three different jobs "for purposes of the 'significant numbers' determination," the Eleventh Circuit was "hesitant to make any factual determinations about whether [two untainted jobs] exist in significant numbers in the national economy" after one job was removed for error in the VE's testimony. Viverette, 13 F.4th at 1318. Here, however, the ALJ made the specific finding that the three jobs "are considered both singly and in combination." Tr. at 34. In other words, even excising the one problematic and second possibly problematic job, the ALJ's finding on the laundry sorter job is unaffected. See Gonzalez v. Comm'r of Soc. Sec., No. 8:22-cv-1403-DNF, 2024 WL 489494, at *7 (M.D. Fla. Feb. 8, 2024) (quotations omitted) (distinguishing Viverette when an ALJ found "each of the proffered jobs, individually, exists in significant numbers in the national economy, and expressly considered the available number of jobs for the proffered positions both singly and in combination"). The ALJ did not reversibly err at step five.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 29, 2024.

                                                JAMES R. KLINDT
                                  United States Magistrate Judge

kaw
Copies to:
Counsel of Record